UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-10052-CV-MARTINEZ
MAGISTRATE JUDE REID

YANDRI LOPEZ MACAYA

    Plaintiff,

v.

ARAMARK, INC., *et al.*,

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.   Introduction

This matter is before the Court on a *sua sponte* review of the docket pursuant to Plaintiff's failure to adhere to the Court's Order Instructing *Pro Se* Plaintiff to Respond to Defendants' Motion to Quash Service and to Dismiss ("Order"). [ECF No. 26]. This case has been referred to the Undersigned for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 5].

Plaintiff, **Yandri Lopez Macaya**, while confined at the Monroe County Detention Center, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. In the complaint, Plaintiff alleged that Defendants, **ARAMARK CORRECTIONAL SERVICES, LLC ("Aramark"), Ricardo Batalier ("Batalier"), Jean Carino ("Carino"), and Richard Analla ("Analla"),** were "deliberately indifferent to his conditions of confinement under the Fourteenth Amendment, by providing him rotten food, no food at all, or food that did not comply with his medically prescribed gluten and soy free diet." [*Id.*]

At the time of filing, Plaintiff filed a motion to proceed *in forma pauperis*, which was granted on **June 14, 2021**. [ECF No. 6]. Shortly thereafter, Plaintiff filed a Motion for Appointment of Counsel. [ECF No. 7]. The Court denied the motion without prejudice but placed Plaintiff's case on the volunteer attorney list. [ECF Nos. 8, 10]. Then, on **August 10, 2021**, Plaintiff filed a letter with the Court, stating that he wished to proceed with the case. [ECF No. 9].

On **December 9, 2021**, Defendants moved to quash service pursuant to Fed. R. Civ. P. 12(b)(5) and to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), arguing that Defendants were not properly served, and if service was proper, it was untimely. [ECF No. 25 at 6-7]. Defendants further argued that Plaintiff failed to exhaust administrative remedies and Plaintiff's Complaint failed to "adequately allege valid claims." [*Id.*]

The Court entered an Order requiring Plaintiff to file a response to the Motion to Dismiss by **January 21, 2022**. [ECF No. 26 at 1]. In the Order, Plaintiff was "cautioned that failure to respond to the Motion to Dismiss may be cause for granting the Motion by default, or in the alternative, result in a report recommending Plaintiff's case be dismissed for failure to prosecute." [*Id.*] (citing S.D. Fla. L.R. 7.1(c); Fed. R. Civ. P. 41(b)). The Court further instructed Plaintiff to file a "Notice of Change of Address" in the event he relocates and instructed that "failure to keep the court apprised of his address may result in this case being dismissed for lack of prosecution." [ECF No. 26 at 1–2].

As of the date of this Report and Recommendation, Plaintiff has failed to comply with this Court's Order and timely respond to Defendants Motion to Quash Service of Process and to Dismiss. Thus, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's Order.

## II. Discussion

A district court has "inherent authority to manage its own docket 'so as to achieve orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)).

Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Plaintiff's last filing was a letter docketed on August 10, 2021. [ECF No. 9]. Plaintiff was forewarned in the Order that a "failure to respond to the Motion to Dismiss may be cause for granting the Motion by default, or in the alternative, result in a report recommending Plaintiff's case be dismissed for failure to prosecute." [ECF No. 26 at 1]. Plaintiff was also cautioned that "failure to keep the court apprised of his address may result in this case being dismissed for lack of prosecution." [ECF Nos. 26 at 1–2]. Notwithstanding, Plaintiff has taken no action, and has not complied with this Court's Order requiring Plaintiff to respond to Defendants' Motion by January 21, 2022. Further, Plaintiff has not filed a Notice of Change of Address with the Court or given any indication he has relocated. As Plaintiff has failed to prosecute his case, or otherwise informed the Court he has moved to a new address, dismissal is appropriate.

### III.     Recommendations

Based on the foregoing, it is therefore **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with the Court's Order.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in the recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2021). *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** at Miami, Florida this 31st day of January 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE

cc:     **Yandri Lopez Macaya**
        09014737
        Monroe County Jail
        Inmate/Mail Parcels
        5501 College Road
        Key West, FL 33040
        *Pro Se*

        **All Counsel of Record**